UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

UNITED STATES OF AMERICA,                                             21-cr-729 (LAK)

    - against –

TATIANA BENJAMIN,

        Defendant.

-----------------------------------------------------------X

# SENTENCING MEMORANDUM ON BEHALF OF TATIANA BENJAMIN

Law Office of Thomas A. Farinella, P.C.
Thomas A. Farinella (TF-8309)
Attorney for the Tatiana Benjamin
260 Madison Avenue, 8th Floor
New York, New York 10016
tf@lawtaf.com
By: Thomas A. Farinella

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UNITED STATES OF AMERICA,                                  21-cr-729 (LAK)

   - against –

TATIANA BENJAMIN,

   Defendant.

------------------------------------------------------------X

## INTRODUCTION

Tatiana Benjamin, submits this sentencing memorandum in support of her request for a sentence of the time she has served in pretrial detention, followed by three years of supervised release to begin with eight (8) months of home confinement, with permission to leave home for medical appointments and work. The sentence requested is "sufficient, but not greater than necessary" to achieve the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2).

As set forth below, the seriousness of Ms. Benjamin's offense is substantially mitigated by emotional distress due to the Covid-19 Pandemic and being a new mother that motivated the offense and the mental illness that contributed to it, as well as her demonstrated remorse and efforts at restitution and taking responsibility for her actions. There is no need to further incarcerate Ms. Benjamin to prevent her from committing further crimes, given her extraordinarily low risk of recidivism. Ms. Benjamin is a single mother and the sole caretaker for her 3-year-old daughter, Lyric Roberts who suffers from ADHA, sleep apnea and is on the autism spectrum. Additionally, Ms. Benjamin is the sole caretaker for her grandmother, Georgia Benjamin. Therefore, it is imperative that Ms. Benjamin be released to home confinement with permission to leave home for medical appointments, to take her daughter to school and work so that she can continue to raise

Lyric and care for her grandmother, Georgia.  For the following reasons, a substantial variance is warranted to ensure that the sentence Ms. Benjamin receives will be no greater than necessary to satisfy any purpose of sentencing.

## ARGUMENT

**I.      Legal Standards**

District court may impose discretionary conditions of supervised release listed in 18 U.S.C.S. § 3563(b), as well as any other condition it considers to be appropriate, under 18 U.S.C.S. § 3583(d); this discretion is broad, but special conditions must be reasonably related to goals of deterrence, protection of public, and rehabilitation of offender, under 18 U.S.C.S. §§ 3583(d)(1), 3553(a), and conditions cannot involve any greater deprivation of liberty than is reasonably necessary for purposes of supervised release, under 18 U.S.C.S. § 3583(d)(2)); condition of release that prohibited defendant from associating with "persons associated with" particular gang was overly broad and impermissibly vague, so it was vacated and remanded for consideration of whether substitute language would be appropriate. *United States v. Johnson*, 626 F.3d 1085, No. 09-50292, 2010 U.S. App. LEXIS 24348 (9th Cir. Nov. 29, 2010).

The Court should impose a sentence sufficient but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence; to protect the public; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment. *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008); see also 18 U.S.C. § 3553(a). The Court should begin the process of determining an appropriate sentence by calculating the correct sentencing range under the advisory Guidelines.  Id.

After determining the appropriate advisory Guidelines calculation, the Court should then evaluate the sentence for substantive reasonableness considering the factors set out in 18 U.S.C. § 3553(a). Id.  In arriving at the appropriate sentence for the defendant under 18 U.S.C. § 3553(a), the Court should consider these factors applicable to this case, among others:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant;

(2) The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3) The need for the sentence imposed to afford adequate deterrence to criminal conduct;

(4) The need for the sentence imposed to protect the public from further crimes of the defendant; and

(5) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

## II.     The Presentence Report

The Probation Office has identified that Guideline Provisions, based upon a total offense level of 20 and a Criminal History Category of I, the guideline imprisonment range is 33 to 41 months.  The Court may impose a term of supervised release of not more than three years, pursuant to 18 U.S.C. § 3583(b)(2) and pursuant to the Guideline Provision, the guideline range for a term of supervised released is one to three years. 18 U.S.C. § 5D as to Ms. Benjamin.  Ms. Benjamin has agreed to an order of restitution in the amount of $294,624.00.  Restitution in this case is joint and several in full (*i.e.*, up to $294,624) with co-defendant Chanette Lewis.

### III.     The 3553(a) Factors That Warrant A Sentence Outside of The Advisory Guideline System

Several factors weigh in favor of a sentence outside the Advisory Guideline System and the Court should impose a sentence on Ms. Benjamin of time served and three years' supervised release with a special condition of eight months (8) home confinement as recommended by the Probation Office. The sentence is reasonable and not greater than necessary in light of the factors articulated in 18 U.S.C. § 3553.

The probation officer has identified factors that warrant a variance from the Ms. Benjamin's applicable sentencing guideline range of imprisonment. Ms. Benjamin has never been convicted of a crime before this case.  Therefore, Ms. Benjamin is a first-time convicted felon who engaged in the offense for three-month period between May 2020 and July 2020. Although Ms. Benjamin was attributed with a total loss of $294,624.00, the offense was initiated and primarily facilitated by co-defendant Chanette Lewis and both Ms. Benjamin and Ms. Lewis are jointly and severely responsible for the restitution amount.  Ms. Benjamin's NCIC "rap" sheet generated by the probation office reflected no arrests, but Ms. Benjamin voluntarily stated that she had two prior arrests, both of which were later dismissed.

As the presentence report, also indicates that, "Ms. Benjamin is a high school dropout who earned her GED.  Ms. Benjamin appears to have been relatively steadily employed, and she currently works two jobs. Ms. Benjamin is single, but she has a three-year-old daughter, Lyric, who suffers from ADHD and is on the low-end of the autism spectrum. Ms. Benjamin has been invested in caring for and overseeing the cognitive and educational development of her daughter by enrolling her in a school that focuses on children with special needs."  Ms. Benjamin is sole caretaker for her daughter.

The probation report further states, "the probation office has considered the factors set forth in 18 U.S.C. § 3553(a) in formulating the recommendation. We underscore the serious nature and circumstances of the offense and the need for the sentence to afford adequate deterrence and reflect respect for the law. The defendant knowingly and willingly engaged in a scheme to take advantage of a program established to combat a once-in-a-century pandemic. Furthermore, the fraud scheme was particularly egregious since the hotel program allowed healthcare workers, who worked during the early and uncertain stages of the COVID-19 pandemic, to self-isolate in hotel rooms rather than to commute between work-and-home, in order to mitigate the spread of the virus, especially to their loved ones at home. By engaging in the offense, the defendant and the co-defendants effectively reduced the funds available for those healthcare workers who really needed the hotel rooms. Given the widespread fraud related to COVID-19 funded programs, the need for both general and specific deterrence is compelling.  That being stated, the probation office believes there are factors that warrant a variance from the defendant's applicable guideline range of imprisonment."

Ms. Benjamin's involvement in the COVID-19 hotel fraud scheme was initiated and facilitated by co-defendant Chanette Lewis and while the other three co-defendants engaged in different fraud schemes during the relevant period, Ms. Benjamin only participated in COVID-19 hotel fraud scheme.[1]

---

[1] The United States Sentencing Guidelines authorize a sentencing judge to reduce an adjusted offense level by two levels if the defendant was a minor participant, by four levels if the defendant was a minimal participant, and by three levels in cases falling between those two classifications. U.S. Sentencing Guidelines Manual § 3B1.2. To be entitled to a mitigating role adjustment a defendant must have played a part in committing the offense that makes him substantially less culpable than the average participant. U.S. Sentencing Guidelines Manual § 3B1.2 application n. 3(A). *United States v. Algahaim*, 842 F.3d 796.

Ms. Benjamin has had difficulties during her childhood, born to a teenage mother and separated from her father at two years old with little to no contact with him. From 2005 to 2012 Ms. Benjamin and her mother were abused verbally and physically by her mother's boyfriend. Despite dropping out of high school, Ms. Benjamin has earned her GED. Ms. Benjamin has maintained steady employment and at times has worked two jobs to support her and her child. Ms. Benjamin is the primary caretaker for her grandmother, Georgia. Ms. Benjamin lives separately from Georgia. She cares for her from 10am until 5pm, Monday through Thursday and from 10am until 4pm on Friday and Saturday. Additionally, Ms. Benjamin is uniquely situated, as the probation report states, "Ms. Benjamin has been invested in caring for and overseeing the cognitive and educational development of her daughter, Lyric, by enrolling her in a school that focuses on children with developmental and special needs. The defendant is the primary caretaker for Lyric, with Benjamin arguing that she is the sole caretake for her daughter. A term of imprisonment would dramatically impact the defendant's bond with her daughter, and likely negatively affect Lyric's development at such a critical time in Lyric's life."

Ms. Benjamin has enrolled in the Tri-Center program and meets with a counselor every Friday to aid her in dealing with her mental health and addiction issues. Ms. Benjamin has been compliant with Pretrial Services with exception to the memo filed with the Court on August 10, 2023. The probation report also states very clearly that, "therefore, based on the factors set forth above, along with the need to pay restitution, the probation office believes a variance below the defendant's applicable guideline range of imprisonment is sufficient, but not greater than necessary, to comply with the factors set forth in 18 U.S.C. § 3553(a). Although the recommended variance is significant, the probation office believes that a non-custodial sentence will allow the defendant to continue along a path of rehabilitation that will benefit Benjamin's daughter, provide

the defendant with a realistic opportunity to change, and hopefully benefit the community in the long-term, should Benjamin abide by the conditions of her term of supervision, including paying restitution." Ms. Benjamin concurs with the probation report and respectfully submits that a non-custodial sentence benefits her daughter and to continue on the path of rehabilitation.

**IV.     Presentence Report Believes Time Served And Three Years Supervised Released With Condition Of Home Confinement Is A Reasonable Sentence**

As it is stated in the Probation Report, "Accordingly, it is our belief that time served and three years' supervised release, with a special condition of eight months of home confinement, is a reasonable sentence in this case, as it would address the sentencing objective of rehabilitation as well as promote respect for the law. The recommended term of supervised release will allow the probation office to oversee the defendant's payment of restitution and to effectively monitor her so as to discourage her from engaging in any further criminal conduct. Restitution is mandatory with a recommended restitution amount of $294,624.00. Restitution is to be paid jointly and severally with the co-defendants. Based on the defendant's expected restitution amount and her available known financial resources, no fine is recommended. Ms. Benjamin agrees with the probation reports.

## CONCLUSION

For the foregoing reasons, Ms. Benjamin respectfully requests that the Court sentence her based on the factors set forth above, along with the need to pay restitution, in accordance with the probation office which believes a variance below the defendant's applicable guideline range of imprisonment is sufficient, but not greater than necessary, to comply with the factors set forth in 18 U.S.C. 3553(a).

Respectfully submitted,

Dated: New York, New York
       September 12, 2023

Law Office of Thomas A. Farinella, P.C.
By: /s/ Thomas A. Farinella
Thomas A. Farinella (TF-8309)
Attorney for the Tatiana Benjamin
260 Madison Avenue, 8th Floor
New York, New York 10016