UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA,

        -against-     S1 21-cr-0729 (LAK)

TATIANA DANIEL,

        Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge.*

        The defendant pled guilty to a series of outrageous frauds that took advantage of the COVID-19 pandemic for her own benefit. She was sentenced on April 29, 2024 in principal part to a term of imprisonment of 33 months. The Court granted her request for voluntary surrender to the Bureau of Prisons ("BOP") on the date and by the time designated by it, which was not to be earlier than June 6, 2024, and continued her on bail pending her surrender.

        Shortly thereafter, the defendant, through counsel, requested a 30-day extension of the self-surrender date, ostensibly to permit her to earn or otherwise procure additional funds to add to her BOP commissary account for use after she entered BOP custody. The Court agreed to a July 8 date.

        The defendant, acting *pro se* though she is represented by counsel, now says that she "require[s] a further extension of her self-surrender date by another sixty (60) days." The ostensible reason is that the BOP has designated FCI Waseca, Minnesota, as the place for the service of her sentence., that Waseca is a long way from New York City, and that the defendant, her ailing mother and others in the family would be forced to make a long and costly trip in order to surrender there. Defendant hopes in the extended period to persuade the BOP to redesignate her to an institution closer to New York.

        This Court granted defendant's request to be permitted to surrender voluntarily at the institution designated by the BOP – rather than ordering her remand to the custody of the US Marshal immediately upon imposition of sentence -- for her convenience. And surely the long and costly trip for defendant, not to mention her mother and other family members who are not required to accompany defendant when she surrenders, may be avoided quite simply. Among other options, defendant and the family members simply could say their goodbyes in a more convenient and less costly location.

The request for a 60-day extension is denied. The prior order directing surrender at the institution designated by the BOP for the service of defendant's sentence is vacated. Defendant is directed to surrender to the US Marshal for this district on the fourth floor of the courthouse at 500 Pearl Street, New York, NY on July 8, 2024 before 2 p.m. This will relieve defendant herself of the cost of the trip to Waseca, Minnesota, as she would be transported at government expense. It would permit her family to accompany her to the place of surrender right here in New York City and spare them the cost and inconvenience of a trip to Minnesota.

Nothing herein should be construed as indicating a negative view by the Court with respect to defendant's attempt to have the BOP redesignate her to a facility closer to New York. The Court would have no objection to such action.

SO ORDERED.

Dated:    June 17, 2024

_____
Lewis A. Kaplan
United States District Judge